IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| TIMOTHY C. SAUNDERS, | ) | |
| | ) | |
| Petitioner | ) | 1:20-CV-00224-RAL |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| LAUREL HARRY, WARDEN OF SCI-CAMP HILL;  PENNSYLVANIA ATTORNEY GENERAL'S OFFICE, DISTRICT ATTORNEY OF ERIE COUNTY, | ) | MEMORANDUM OPINION AND ORDER ON PETITIONER'S MOTION FOR BAIL PENDING RESOLUTION OF PETITION FOR WRIT OF HABEAS CORPUS |
| | ) | |
| Respondents | ) | ECF NO. 33 |

Pending before the Court is a motion for bail filed by Petitioner Timothy C. Saunders

("Saunders").  *See* ECF No. 33.  For the reasons stated below, the motion will be DENIED.[1]

I.      Background

At a bench trial, Saunders was found guilty of reckless burning and arson.  On

February 1, 2017, Saunders was sentenced to twelve to twenty-four months imprisonment on the

reckless burning charge and forty-eight to ninety-six months imprisonment on the arson

conviction.  His sentence was to run concurrently.  After unsuccessfully pursuing a direct appeal

and seeking relief under the Pennsylvania Post Conviction Post Conviction Relief Act, Saunders

filed the instant petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on July 26, 2020.

*See* ECF No. 25.  Saunders filed the instant motion for bail on November 3, 2021.  ECF No. 33.

---

[1] Both Petitioner and Respondents have consented to the jurisdiction of a United States Magistrate Judge in these proceedings under 28 U.S.C. § 636(c)(1) .  *See* ECF Nos. 8, 30.

II.     Discussion and Analysis

A.      Standard of Decision

In general, this Court has the authority to grant bail pending review of a petition for habeas corpus. *See Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (reversing the district court's decision and holding that there was insufficient basis for bail pending habeas review where no extraordinary circumstances existed); *Lucas v. Hadden*, 790 F.2d 365, 367 (3d Cir.1986) (reversing the district court's decision and holding that bail pending habeas review was not appropriate because petitioner had not made a showing of extraordinary circumstances). However, "[a] preliminary grant of bail is an exceptional form of relief in a habeas corpus proceeding." *Landano*, 970 F.2d at 1239. "[B]ail pending post-conviction habeas corpus review is available only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Id*. The standard is conjunctive; that is, Saunders must establish both a substantial constitutional claim upon which he has a high likelihood of success and extraordinary circumstances for us to grant him bail. *See Hudler v. Union Cty.*, 2021 WL 963452, at *2 (M.D. Pa. Mar. 15, 2021); *Cooley v. Atty Gen. of Pennsylvania*, 2011 WL 13193263, at *1 (W.D. Pa. Feb. 1, 2011); *Vega v. United States*, 514 F. Supp.2d 767, 770-74 (W.D. Pa. 2007). In *Landano,* the Court of Appeals noted further that "very few cases have presented extraordinary circumstances," and those cases have generally been limited to situations involving severe health problems or the impending completion of the prisoner's sentence. *Id*. (citing *Johnston v. Marsh*, 227 F.2d 528 (3rd Cir. 1955) and *Boyer v. City of Orlando*, 402 F.2d 966 (5th Cir. 1968)). *See also Singleton v. Piazza,* 2006 WL 2520581, at *2 (E.D. Pa. Aug. 25, 2006).

With this high standard in mind, the Court turns to an analysis of Saunders' motion.

B. Saunders has not shown an extraordinary circumstances that would necessitate the granting of bail.

For purposes of this motion, the Court will assume, without deciding the underlying petition, that Saunders has a high probability of success on his constitutional claims. *See, e.g., Timothy v. Ebbert*, 200019 WL 247512, at *2 (M.D. Pa. Jan. 17, 2019). But even then, bail cannot be granted because Saunders has failed to demonstrate that extraordinary circumstances exist which warrant his release while his habeas petition is under consideration. *See Vega*, 514 F. Supp.2d at 775 (citing *Calley v. Callaway*, 496 F.2d, 701 (5th Cir. 1974). *See also Lucas v. Hadden*, 790 F.3d 365, 367 (3d Cir. 1986) ("We doubt that it is appropriate to grant bail prior to ruling on a [] habeas petition solely on the ground that there is a high likelihood of success on the merits …."). Here, Saunders offers two extraordinary circumstances which—he claims—make bail appropriate. First, he states that by requiring him to admit his guilt and show remorse for his offenses, the Pennsylvania Parole Board is forcing him to "max out" his sentence. ECF No. 33, ¶ 6(B)-(C). Second, Saunders argues that the impending completion of his sentence is an extraordinary circumstance permitting bail. *Id*., at ¶ 7.

That he is being forced to "max out" his sentence through his refusal to admit his guilt or show any remorse for his offenses is not an extraordinary circumstance necessitating bail. Instead, this appears to be an argument concerning the merits of his petition, which includes no allegation that he is in poor health or about to be released. Thus, he fails to establish an extraordinary circumstance that requires bail during the pendency of his habeas petition. *See, e.g., Timothy*, 2019 WL 247512, at *2 (holding that Petitioner's claimed innocence did not constitute an extraordinary circumstance supporting bail).

Sanders' second attempt to show an extraordinary circumstance fairs no better. Here, he does make an allegation regarding the conclusion of his sentence, but in actuality, he only asserts its "potential to expire" before this Court's resolution of his pending habeas petition. Saunders provides no impending release date. That his sentence would potentially expire prior to the Court's ruling on his pending petition is far too speculative to be considered a hindrance to any remedy the writ may provide. Thus, this potentiality is not an extraordinary circumstance sufficient to justify bail.

Saunders cites to *Boyer, supra,* in support of his argument. ECF No. 33, ¶ 7. Although *Boyer*, as well as the Court of Appeals for the Third Circuit's decision in *Landano, supra*, are instructive, Saunders' reliance on *Boyer* is misplaced. In *Boyer*, the court granted the petitioner release on bail pending resolution of his habeas petition because his 120-day sentence was so short that, if bail were denied, the defendant would have inevitably served the entirety of his sentence by the time his habeas petition was ruled upon. 402 F2d at 968. This situation constituted an extraordinary circumstance because the petitioner's habeas petition "could not conceivably proceed through the court system prior to the completion of his sentence." *Vega*, 514 F. Supp. 2d at 775 (discussing *Boyer*). Unlike the defendant in *Boyer*, Saunders' sentence is not so short that it makes post-conviction relief effectively unobtainable. Moreover, there is no reason to question whether Saunders' § 2254 petition will proceed through the court system well-before his release date; a date he has not provided to the Court.

III.     No Certificate of Appealability will issue.

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner

satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). To the extent a certificate of appealability is required here, it is denied because jurists of reason would not find the Court's conclusions debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IV.     Conclusion

Saunders has failed to meet the test for extraordinary circumstances as his release date is not imminent and he is not in poor health such that urgent treatment is required. "Consequently, this is not a case where the timing of the release date would render the habeas remedy ineffective if the petitioner were not granted bail." *In re Souels*, 688 Fed. Appx. 134, 135 (3d Cir. May 4, 2017) (citing *Landano*, 970 F.2d at 1239). As there are no extraordinary circumstances warranting bail, Saunders' motion will be denied. *See Lucas*, 790 F.2d at 367 (holding that "absent a showing of extraordinary circumstances, [petitioner] was improperly admitted to bail."). An order follows.

**O R D E R**

For the reasons explained in the foregoing Memorandum Opinion, Petitioner Timothy C. Saunders' Motion for Bail is **DENIED**. Furthermore, to the extent required, no Certificate of Appealability will issue because jurists of reason would not find the Court's determination to deny bail debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

ENTERED AND ORDERD this 14th day of January, 2022.


BY THE COURT:

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE